UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATRICIA LANIER,

       Plaintiff,

                                                    Case No. 12-11901
v.                                            Honorable Patrick J. Duggan

SPECTRUM HUMAN SERVICES,

       Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S
MOTION TO SET ASIDE DEFAULT**

This matter is before the Court on Defendant's motion to set aside the Clerk's entry of default, filed on July 10, 2012. According to Defendant, it served Plaintiff with a copy of the motion via regular mail on the same date. On July 10, 2012, this Court also sent a notice to the parties indicating that the motion had been filed and reminding them of the provisions of Local Rule 7.1, specifically subsection (e) which provides in part that "[a] response to a nondispositive motion must be filed within 14 days after service of the motion." Nevertheless, Plaintiff has not responded to the motion. This Court is dispensing with oral argument with respect to Defendant's motion pursuant to Eastern District of Michigan Local Rule 7.1(f), as it does not believe that oral argument will aid in its disposition of the motion. For the reasons stated below, the Court grants the motion and sets aside the Clerk's entry of default against Defendant.

**Procedural Background**

Plaintiff initiated this lawsuit against Defendant on April 27, 2012. Plaintiff is proceeding *pro se* and *in forma pauperis*. On May 1, 2012, this Court entered an order requiring Plaintiff to file an amended complaint because her initial complaint failed to comply with the pleading requirements of Federal Rule of Civil Procedure 8(a). On May 9, 2012, Plaintiff filed an amended complaint. A summons was issued for Defendant on May 18, 2012.

On June 22, 2012, Plaintiff filed a request for an entry of default in which she indicated that she served Defendant with the summons and copy of the complaint via priority mail on May 18, 19, and June 22, 2012. (Doc. 7.) To her request, Plaintiff attached a copy of a receipt from the United States Postal Service, dated June 22, 2012, and two U.S. Postal Service "Delivery Confirmation" receipts, neither of which reflect an address to where delivery was being made.

The Clerk entered default against Defendant on June 26, 2012. As indicated above, Defendant filed the pending motion to set aside the entry of default on July 10, 2012.

**Applicable Law and Analysis**

Federal Rule of Civil Procedure 55(c) provides that a court may set aside an entry of default for "good cause." In determining whether "good cause" exists, courts consider whether: (1) the plaintiff will be prejudiced; (2) the defendant has a meritorious defense; and (3) culpable conduct of the defendant led to the default. *United States v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324 (6th Cir. 2010) (citing *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992)). Courts are to employ a "lenient

2

standard" when evaluating a request to set aside a default that has not yet ripened into a judgment. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). "[W]hen the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Id.* at 194. Federal courts favor trials on the merits; therefore, doubts should be resolved in favor of setting aside a default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 846 (6th Cir. 1983). This Court finds good cause to set aside the default entered against Defendant.

Most significantly, the default was improperly entered. Pursuant to Eastern District of Michigan Local Rule 55.1, a request for a Clerk's entry of default must be accompanied by an affidavit stating the manner of service and the location where the defendant was served. E.D. Mich. LR 55.1(c). Plaintiff failed to provide this information in support of her request and thus the Clerk should not have entered the default.

Furthermore, even if Plaintiff did send the summons and a copy of her complaint to Defendant's address via priority mail, such service was not in accordance with the Federal Rules of Civil Procedure. Defendant is a non-profit corporation. (*See* Def.'s Mot. Ex. H.) Pursuant to Federal Rule of Civil Procedure 4(h), a corporation may be served in the following manners:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual ["following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"]; *or*
> (b) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and– if the agent is one authorized by

>statute and the statute so requires– by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1) (emphasis added). As relevant to this action, the Michigan Court Rules allow for service on a corporation by serving the summons and a copy of the complaint (1) "on an officer or the resident agent;" or (2) "on a director, trustee, or person in charge of an office or business establishment of the corporation *and* sending a summons and a copy of the complaint by registered mail, addressed to the principal office of the corporation." MCR 2.104(D).

Finally, Defendant establishes good cause to set aside the entry of default. First, Defendant did not receive notice of the lawsuit at its headquarters until June 25, 2012, when Plaintiff called to inquire why Defendant had not picked up her package at the post office. By this date, Plaintiff already had requested her Clerk's entry of default. Defendant promptly retrieved the package, which contained a copy of Plaintiff's amended complaint without exhibits. Thus the default was not due to culpable conduct on the part of Defendant. Second, Defendant has asserted a meritorious defense, that being that Plaintiff's amended complaint fails to state a cognizable claim against it and fails to allege facts suggesting that Defendant acted under the color of state law to support a civil rights action and that Plaintiff cannot represent the interests of her deceased son without the assistance of counsel. Lastly, Plaintiff will not be prejudiced if the default is set aside. At most, Plaintiff will suffer some delay in having her lawsuit litigated. However, "delay alone is not a sufficient basis for prejudice." *INVST Fin. Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (internal quotation marks and citation

4

omitted); *see also Burrell v. Henderson*, 434 F.3d 826, 835 (6th Cir. 2006) ("Delay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55."). "Rather it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Group*, 815 F.2d at 398 (citing *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983), quoting 10 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 2699 at 536-37 (1983)).

## Conclusion

For the reasons discussed above, this Court finds that the Clerk's entry of default against Defendant must be set aside.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Set Aside Default is **GRANTED**.


Dated: August 6, 2012                    s/PATRICK J. DUGGAN
                                         UNITED STATES DISTRICT JUDGE

Copies to:
Latricia Lanier
20001 Keystone
Detroit, MI 48234

Mark J. Zausmer, Esq.
Emily M. Ballenberger, Esq.