UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATRICIA LANIER,

       Plaintiff,

                                          Case No. 12-11901

v.                                        Honorable Patrick J. Duggan

SPECTRUM HUMAN SERVICES,

       Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO STRIKE
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO SET ASIDE
DEFAULT**

      Presently before the Court is Defendant's motion to strike Plaintiff's response to

Defendant's previously filed and decided motion to set aside default. Defendant's

pending motion, filed August 29, 2012, is brought pursuant to Federal Rule of Civil

Procedure 12(f). Plaintiff filed a response to the motion on September 5, 2012.

      On July 10, 2012, Defendant filed a motion to set aside the Clerk's entry of default.

Plaintiff failed to file a timely response to the motion and, on August 6, 2012, this Court

granted the motion and set aside the Clerk's entry of default because it was improperly

entered. Specifically, Plaintiff failed to accompany her request for a Clerk's entry of

default with an affidavit stating the manner in which she served Defendant and the

location where Defendant was served. *See* E.D. Mich. LR 55.1(c). In fact, as the Court

discussed in its August 6 decision, Plaintiff's method of serving Defendant was not in

accordance with the Federal Rules of Civil Procedure.

On August 10, 2012, Plaintiff filed an untimely "response" to Defendant's motion to set aside the Clerk's entry of default.  Defendant now is seeking to strike Plaintiff's response. Defendant argues that Plaintiff's response is "immaterial" as it was filed late and after Defendant's motion to set aside the default was granted.

Pursuant to Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f). Striking a pleading is a "drastic remedy" that should be "sparingly" used.  *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953); *see also Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002) (quoting *Brown*). A motion to strike should be granted "only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy." *Id*.

The Court declines to strike Plaintiff's response to Defendant's motion to set aside the Clerk's entry of default simply because the response was untimely.  Had the response been timely filed, it would have been material (even if it would not have changed the outcome).  Defendant suffers no prejudice if Plaintiff's response remains on the docket and justice is not otherwise served by striking the response.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion to Set Aside Default is **DENIED**.


Dated: September 11, 2012               s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE


Copies to:

2

Latricia Lanier
20001 Keystone
Detroit, MI 48234

Mark J. Zausmer, Esq.
Emily M. Ballenberger, Esq.