UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATRICIA LANIER,

    Plaintiff,

v.

Case No. 12-11901
Honorable Patrick J. Duggan

SPECTRUM HUMAN SERVICES,

    Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Plaintiff initiated this *pro se* lawsuit against Defendant on April 27, 2012. Plaintiff's claim(s) against Defendant appear to arise out of Defendant's care of her son, Demetrius Lanier. Presently before the Court is Defendant's motion to dismiss pursuant to Federal Rules of Civil Procedure 8(a) and 12(b)(6). The motion has been fully briefed.[1] The Court believes that oral argument will not aid in its disposition of Defendant's motion and therefore is dispensing with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court grants Defendant's motion and dismisses Plaintiff's complaint with prejudice.

**Applicable Standards**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests

---

[1] On October 15, 2012, the Court received a letter from Plaintiff (which has been filed on the docket). This letter has been considered in deciding whether a different outcome of Defendant's motion is warranted.

whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1974 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). This plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). Even so, "the pleading must contain more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. at 1965. A plaintiff has the duty to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Id.* Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965).

Compared to formal pleadings drafted by lawyers, a generally less stringent standard is applied when construing the allegations pleaded in a pro se complaint. *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S. Ct. 594, 596 (1972). Even so, pro se plaintiffs must still provide more than bare assertions of legal conclusions. *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)).

## Procedural Background

As indicated above, Plaintiff initiated this lawsuit against Defendant on April 27, 2012. On May 1, 2012, this Court issued an order requiring Plaintiff to file an amended complaint within twenty-one days as her initial complaint failed to satisfy the pleadings requirements of Rule 8(a) of the Federal Rules of Civil Procedure. The Court identified several deficiencies in Plaintiff's Complaint:

> For example, it is not clear from Plaintiff's Complaint which constitutional right(s) she believes have been violated, what conduct constituted a violation of those rights, when that conduct occurred, or what facts support a finding that Defendant acted under color of state law. Plaintiff must show that Defendant acted under color of state law to assert a viable civil rights action. *See Block v. Ribar*, 156 F.3d 673, 677 (6th Cir. 1998) (citing *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981)).

(ECF No. 3 at 2.) Plaintiff filed an Amended Complaint on May 9, 2012. (ECF No. 4.)

It appears from Plaintiff's Amended Complaint that her son, Demetrius, had been placed in Defendant's care.[2] Plaintiff asserts that Defendant did not communicate with

---

[2]Although not considered for purposes of deciding Defendant's motion, based on documents attached to Plaintiff's response to the motion, it appears that Demetrius and Plaintiff's three other children had been removed from her custody by the State and placed in foster care. Presumably the State had placed Demetrius in a program run by

3

her as a parent and limited her interactions with her children. She primarily complains about Defendant's protection of Demetrius, stating that Defendant refused to "remov[e] him from [an] unstable, violent, non-discipline [sic] home were [sic] [he] shot himself playing with [a] gun." (*Id*. at 2.) Plaintiff alleges that Defendant's case worker put Demetrius in a boy's home where he was tortured and sustained a "sprain [sic] broken wrist." (*Id*.) Additionally, Plaintiff asserts that Defendant failed to help Demetrius with self-sufficiency and independent living and interfered with the family members' ability to communicate. (*Id*. at 2-3.) Plaintiff indicates that Demetrius lost his life in 2010, although it is not apparent whether she is alleging that Defendant is liable for his death. (*Id*. at 3.)

In its pending motion to dismiss, Defendant argues that Plaintiff's Amended Complaint also does not satisfy Rule 8(a)'s pleadings requirements and therefore should be dismissed. Defendant further argues that Plaintiff's claims must be dismissed under Rule 12(b)(6) because she is attempting to assert the rights of her son, Demetrius, which she cannot do. To the extent Plaintiff is alleging claims on her own behalf, Defendant argues that she fails to state any facts which show that Defendant acted under the color of state law to assert a viable civil rights action. Further, to the extent Plaintiff is alleging claims on her own behalf based on the removal of her son from her care, Defendant argues that such claims are not viable under Sixth Circuit precedent.

## Analysis

---

Defendant.

4

This Court agrees with Defendant that Plaintiff's Amended Complaint fails to satisfy Rule 8(a) and the pleading standard established under *Twombly* and *Iqbal*. Notably, Plaintiff has not alleged specific facts to suggest that Defendant or its agent(s) engaged in illegal conduct or to determine when this misconduct occurred. The Court further agrees with Defendant that even if Plaintiff coherently provided the facts necessary to understand her complaints, she fails to state a claim upon which relief may be granted.

First, to the extent Plaintiff is asserting claims on behalf of Demetrius' interests, those claims must be dismissed. "[A] parent who is not an attorney cannot represent the interests of his or her minor children." *Rawlings v. Littleton*, No. 93-5223, 1994 WL 162592, at *1 (6th Cir. Apr. 28, 1994) (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986); *Lawson v. Edwardsburg Public Sch.*, 751 F. Supp. 1257, 1258 (W.D. Mich. 1990); *Pierce v. Stinson*, 493 F. Supp. 609, 611 (E.D. Tenn. 1979)); *see also Sylvester v. Papadopoulos*, No. 06-14215, 2007 WL 2955958, at *2 (E.D. Mich. Sept. 28, 2007) (citing *Cheung v. Youth Orchestra Found. Of Buffalo, Inc.*, 906 F.2d 59, 61-62 (2d Cir. 1990) (citing *Meeker*, 782 F.2d at 154)). Further, according to Federal Rule of Civil Procedure 17(c), only a duly appointed representative or, if no representative, next friend or guardian ad litem may sue on behalf of a minor or incompetent person. There is no indication in Plaintiff's pleadings that she has been appointed Demetrius' next friend.

Second, to the extent Plaintiff is asserting claims on her own behalf based on alleged harm to Demetrius, those claims also must be dismissed. The Michigan courts have refused to acknowledge a common law loss of consortium claim brought by a parent

5

for loss of or injury to a child.  *See Sizemore v. Smock*, 430 Mich. 283, 422 N.W.2d 666 (1988); *Jenks v. Brown*, 219 Mich. App. 415, 420, 557 N.W.2d 114 (1996).  Under Michigan's wrongful-death act, a parent may recover for the loss of society and companionship of his or her child when the child dies as the result of negligent injury.  *See Sizemore*, 430 Mich. at 296 n. 24, 422 N.W2d at 672 n. 24 (citing Mich. Comp. Laws § 600.2922).  However, the statute mandates that a wrongful death action be brought by the personal representative of the deceased's estate.  Mich. Comp. Laws § 600.2922(2); *Smith v. Henry Ford Hosp.*, 219 Mich. App. 555, 557-58, 557 N.W.2d 154, 155-56 (1996).

     For these reasons, the Court is dismissing Plaintiff's Amended Complaint with prejudice.

     Accordingly,

     **IT IS ORDERED** that Defendant's motion to dismiss is **GRANTED**.

Dated: October 15, 2012                          <u>s/PATRICK J. DUGGAN</u>
                                                  UNITED STATES DISTRICT JUDGE

Copies to:
Latricia Lanier
20001 Keystone
Detroit, MI 48234

Mark J. Zausmer, Esq.
Emily M. Ballenberger, Esq.